IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PASHA SAHAND TAVAKKOLI, § § Plaintiff, § § v. § § J.S. HELWIG, *et al.*, § § Defendants. § | Civil Action No. 3:16-CV-2202-N |

## ORDER

This Order addresses Defendants J.S. Helwig and J.S. Helwig & Son, LLC's ("Helwig & Son") motion to dismiss [10]. The Court grants the motion in part and denies in part.

### I. ORIGINS OF THE DISPUTE

This case arises from Plaintiff Pasha Sahand Tavakkoli's employment by Helwig & Son. Tavakkoli, a Muslim American of Iranian decent, alleges he began working for Helwig & Son in 2014 as Director of Administration, with a salary of $80,000 a year. Pl.'s Original Compl. ¶¶ 2.01, 6.02 [1]. Tavakkoli's supervisor was J.S. Helwig. Tavakkoli alleges Defendants promised him an additional $30,000 per year in three installments at six month intervals. *Id.* ¶ 5.01. Tavakkoli claims that the Defendants paid two of the $10,000 installments in cash, but not the third. *Id.* ¶ 5.02. Plaintiff also claims the Defendants owe him for two weeks of earned vacation. *Id.* ¶ 5.03.

Tavakkoli alleges that during his employment at Helwig & Son he faced regular racial and religious slurs, as well as derogatory comments from coworkers. *Id.* ¶¶ 5.06, 5.08, 5.15, 5.16. Tavakkoli also alleges his coworkers treated him poorly, which he believes was due

ORDER – PAGE 1

to his race, color, religion, and national origin. *Id.* ¶¶ 5.09, 5.12, 5.13. Specifically, Tavakkoli alleges his coworkers were openly critical of his job performance, without good cause, and regularly delayed processing his driver applications in a timely manner. *Id.* at ¶¶ 5.09, 5.13. Tavakkoli alleges he confronted J.S. Helwig, his supervisor, about these incidents three times, and J.S. Helwig repeatedly acknowledged the conduct and asked Tavakkoli to rise above it. *Id.* ¶¶ 5.12, 5.18, 5.19.

Tavakkoli claims he was wrongfully terminated and brought suit against the Defendants. First, Tavakkoli alleges several causes of action under Title VII. Tavakkoli alleges the Defendants discriminated against him based on his race, color, religion, age, and national origin. *Id.* ¶ 6.02. Tavakkoli also alleges he was retaliated against for complaining of the alleged discriminatory conduct. *Id.* Tavakkoli also brings a claim for harassment under a hostile work environment theory. *Id.* Next, Tavakkoli brings a claim for breach of contract for failure to pay him the outstanding $10,000 owed and his earned vacation. *Id.* ¶¶ 7.01–7.05. Finally, and in the alternative, Tavakkoli brings a claim for quantum meruit. *Id.* ¶¶ 8.01–8.02. In conjunction with his breach of contract and quantum meruit claims, Tavakkoli requests attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *Id.* ¶ 8.03. All of Tavakkoli's claims are brought against both J.S. Helwig, individually, and Helwig & Son.

The Defendants now move to dismiss Tavakkoli's claims under Federal Rule of Civil Procedure 12(b)(6). Because Tavakkoli does not object to the dismissal of his age discrimination claim against either J.S. Helwig or Helwig & Son, the Court dismisses the age discrimination claim as to both Defendants. Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s

ORDER – PAGE 2

Resp.") ¶ 4.02 [14].  Because Tavakkoli does not object to the dismissal of his Title VII claims against J.S. Helwig, the Court dismisses all of the Title VII claims against J.S. Helwig in his individual capacity.  *Id.*  The Court takes up the remaining claims individually below.

## II. THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE MOTION TO DISMISS

### *A. Tavakkoli's Title VII Claims*

Because Tavakkoli's Title VII claims against J.S. Helwig are dismissed, as are Tavakkoli's age discrimination claim against Helwig & Son, the Court need only consider Tavakkoli's claims for discrimination, retaliation, and hostile work environment against Helwig & Son.

First, Tavakkoli states a plausible claim for discrimination under Title VII, based on race, color, religion, and national origin. Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise [] discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2. To establish a prima facie case of discrimination under Title VII, a plaintiff must establish that he: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). However, the Fifth Circuit has cautioned against requiring a showing of each prong of the prima facie case at the pleading stage. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–12 (2002)). Tavakkoli is not required to make "a showing of each prong of the prima facie test for

disparate treatment at the pleading stage." *Id.* Instead, Tavakkoli "must simply plead a plausible claim." *Curry v. Lou Rippner, Inc.*, 2015 WL 2169804, at *3 (E.D. La. 2015).

The Defendants contend that Tavakkoli fails to allege facts that his termination, the adverse employment action, was the result of discrimination. *See* Defs.' Br. in Support of Mot. to Dismiss 8 [11]. But Tavakkoli alleges that his supervisor used racial slurs and made derogatory comments about Muslims. *See* Pl.'s Original Compl. ¶¶ 5.05, 5.15, 5.16. Tavakkoli also alleges that his coworkers made derogatory comments, criticized his work product, and regularly delayed approval of his driver applications. *Id.* ¶¶ 5.08, 5.09, 5.13. Tavakkoli further alleges that he complained about the discrimination verbally before his termination. *Id.* ¶¶ 5.12, 5.18, 5.19. These allegations are sufficient to state a plausible claim for discrimination. *Raj* 714 F.3d at 331 (reiterating that a "plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim"). Specifically the allegations suggest it is plausible that Tavakkoli was terminated because of his race, color, religion or national origin and that Helwig & Son treated similarly situated employees more favorably. Thus Tavakkoli's complaint raises "[his] right to relief above the speculative level." *Raj*, 714 F.3d at 331 (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)) (alteration in original). Because Tavakkoli states a Title VII claim for unlawful discrimination, the Court denies the motion to dismiss as to his discrimination claims against Helwig & Son.

Similarly, Tavakkoli states a plausible claim for retaliation. "Title VII prohibits retaliation against employees who engage in protected conduct, such as filing a complaint of discrimination." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002) (citing 42 U.S.C. § 2000e–3(a)). "To state a claim for retaliation in violation of Title VII, the plaintiff must allege that her employer took an adverse employment action against her in retaliation for engaging in protected conduct." *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014). "As with race discrimination, plaintiff need not have pleaded all the elements of retaliation to survive a motion to dismiss, but the Court may explore the plaintiff's *prima facie* case at the dismissal stage to determine whether the plaintiff can ever meet his initial burden to establish a *prima facie* case." *Evans Rhodes v. Nw. Diagnostic Clinic, P.A.*, 2013 WL 5603003, at *3 (S.D. Tex. 2013) (internal quotation marks omitted).

To establish a prima facie claim of retaliation, a plaintiff must establish "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). Tavakkoli alleges that he confronted J.S. Helwig and complained of the alleged conduct, a protected activity. Defendants contend Tavakkoli fails to allege a causal link between the protected activity and the adverse employment action, here his termination. But Tavakkoli's pleadings assert a close temporal proximity between his complaint to J.S. Helwig and his

allegedly wrongful termination, which suggests a causal link. *See McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007) ("Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation."). At this stage, Tavakkoli is only required to "set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity." *Nieman v. Hale*, 2012 WL 3204990, at *4 (N.D. Tex. 2012). Based on the allegations, Tavakkoli states a plausible claim for retaliation against Helwig & Son. Accordingly, the Court denies the motion to dismiss as to the retaliation claim.

Finally, Tavakkoli alleges sufficient facts to show a plausible hostile work environment or harassment claim. To establish a hostile work environment claim under Title VII, a plaintiff must prove that

> (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on [race, religion, or national origin]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Harassment affects a term, condition, or privilege of employment only if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment." *Ramsey*, 286 F.3d at 268 (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). While no factor is determinative, courts look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000) (quoting *Harris*, 510 U.S. at 23). The "'mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee[]' does not sufficiently affect the conditions of employment to implicate Title VII." *Harris*, 510 U.S. at 21 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, (1986)) (internal citation omitted). Rather, Title VII bars only conduct that is both subjectively and objectively hostile. *Id.*

The Defendants contend that the factual allegations made by Tavakkoli regarding the behavior toward him do not rise to the level of "severe" or "pervasive," as required by the law. But the cases cited in support of this argument are cases at the summary judgment stage, not motions to dismiss. *See, e.g.*, *White v. Gov't Employees Ins. Co.*, 457 F. App'x 374, 380–81 (5th Cir. 2012); *Carter v. Luminant Power Services Co.*, 2011 WL 6090700, at *29–30 (N.D. Tex. 2011). Tavakkoli alleges he was harassed on a regular basis in the workplace as a result of his race, religion, and national origin. *See* Pl.'s Original Compl. ¶¶ 6.02, 5.07 ("There was virtually not a day where Plaintiff didn't overhear a derogatory remark about [his] background from Accounting and Safety."). Tavakkoli also alleges specific instances where his coworkers made disparaging comments about his race, religion,

and national origin in his presence, which he subjectively interpreted as hostile. *See, e.g.*, *id.* ¶ 5.06 ("Plaintiff extended his hand to shake hers. She looked at Plaintiff and said 'I haven't decided if I am going to shake a Muslim hand yet.'"). Considering the totality of the circumstances, Tavakkoli pled "continuous, pervasive harassment of ranging severity, that taken as true and viewed in the light most favorable to [Plaintiff], sufficiently shows that [his] claim has substantive plausibility." *Obondi v. UT Sw. Med. Ctr.*, 2016 WL 795966, at *5 (N.D. Tex. 2016). Thus, the Court denies the motion to dismiss as to Tavakkoli's harassment claim.

### *B. Tavakkoli's Breach of Contract Claims Against Helwig*

Tavakkoli's breach of contract claim against J.S. Helwig, individually, fails as a matter of law. Under Texas law, "the general rule is that actions taken by an agent on behalf of the principal do not bind the agent." *Norris v. Hous. Auth. of City of Galveston*, 980 F. Supp. 885, 893 (S.D. Tex. 1997) (citing *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995) ("Corporations, by their very nature, cannot function without human agents. As a general rule, the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts.")). Because Tavakkoli does not allege J.S. Helwig was acting outside of the scope of his agency, the claim against J.S. Helwig in his individual capacity fails. *See Wright Waterproofing Co. v. Applied Polymers of Am.*, 602 S.W.2d 67, 69 (Tex. App. – Dallas 1980, writ ref'd n.r.e.) ("Generally, a disclosed agent will not be personally liable on a contract made for his principal if the agent is acting within the scope of his authority.").

### C. *Tavaokkoli's Quantum Meruit & Unjust Enrichment Claims*

First, Tavakkoli contends he "is entitled to bring a claim for unjust enrichment as an independent cause of action." Pl.'s Resp. 13. Even assuming that unjust enrichment is an independent cause of action[1], Tavakkoli has not alleged facts sufficient to plausibly suggest a claim for unjust enrichment. Unjust enrichment allows a party to recover "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Instead, Tavakkoli's factual allegations suggest a claim for quantum meruit, which is "founded in the principle of unjust enrichment." *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985).

"Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received." *Heldenfels Bros.*, 832 S.W.2d at 41. "Quantum meruit does not arise out of a contract, but is independent of it." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (citations omitted). "Recovery in quantum meruit will be had when non payment for the services rendered would result in an unjust enrichment to the party benefited [sic] by the work." *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (internal quotations omitted). Under Texas law, a party "will be permitted to recover in quantum meruit only when there is no express contract covering those

---

[1]Authority is split on whether unjust enrichment is a separate cause of action or a theory of recovery. *See Janvey v. Alguire*, 846 F. Supp. 2d 662, 674 (N.D. Tex. 2011) (collecting cases).

services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). The employment contract notwithstanding, Tavakkoli permissibly brought the quantum meruit claim in the alternative. *See Sagebrush Sols., LLC v. David-James, LLC*, 2015 WL 1011789, at *3 (N.D. Tex. 2015) (stating "Federal Rule of Civil Procedure 8 allow[s] parties to plead in the alternative, even if theories are inconsistent"). Tavakkoli claims he can maintain a quantum meruit claim "to the extent the bonus and vacation pay are not covered by contract." Pl.'s Resp. 13. Tavakkoli relies on *Black Lake Pipe Line Co. V. Union Const. Co., Inc.*, 538 S.W.2d 80, 86 (Tex. 1976).

It is true that "the existence of an express contract does not preclude recovery for the reasonable value of services rendered and accepted which are not covered by the contract." *Petro-Hunt, L.L.C. v. Williams-S. Co., L.L.C.*, 2016 WL 6806312, at *8 (N.D. Tex. 2016) (citing *Black Lake*, 538 S.W.2d at 86). But "a quantum meruit claim cannot apply to the services [Plaintiff] provided [employer] as an employee because those services were covered by whatever oral, at-will agreement was in effect that provided for payment of the salary [Plaintiff] acknowledges receiving." *Kern v. GE Capital Info. Tech. Sols.*, 2003 WL 22433817, at *7 (N.D. Tex. 2003) (alteration in original). In *Black Lake*, the Plaintiffs alleged they performed extra work beyond what was required by the contracts. 538 S.W.2d at 86. Tavakkoli does not allege, and the Court doubts that he plausibly could, that either the $10,000 installment payments or the earned vacation days were compensation for extra work

performed beyond what his employment contract required. Accordingly, the Court dismisses his quantum meruit claim.

### D. Tavakkoli's Request for Attorney's Fees

Finally, Tavakkoli requests attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code in connection with his breach of contract and quantum meruit claims. Under the Texas Civil Practice and Remedies Code, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for rendered services . . . or an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001. In a diversity case, state law governs the award of attorney's fees. *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012). As a preliminary matter, the Court notes that since all claims against J.S. Helwig in his individual capacity are dismissed, the only remaining Defendant that Tavakkoli may request attorney's fees from is Helwig & Son.

Helwig & Son correctly contends that Tavakkoli cannot seek recovery for his attorney's fees under section 38.001 because Helwig & Son, a limited liability company ("LLC"), is not an "individual or corporation." *See* Defs.' Br. in Support of Mot. to Dismiss 17. The Texas Supreme Court has not addressed whether section 38.001 permits recovery of attorney's fees from an LLC. Several intermediate state appellate courts have held that section 38.001, by its plain language, does not allow recovery from LLCs as they are neither an "individual" nor "corporation." *See, e.g., Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d

438, 453 (Tex. App. – Houston [14th Dist.] 2016, pet. denied).  Several federal courts, applying Texas law, have reached similar results.  *See, e.g.*, *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 750 (N.D. Tex. 2015) (noting that "every Texas appellate court has held that 'individual or corporation' does not include unincorporated entities" and that "[o]ther decisions from the Northern District of Texas have reached the same holding"); *Hoffman v. L & M Arts*, 2015 WL 1000838, at *10 (N.D. Tex. 2015) (holding that the plain meaning, history of section 38.001 and its predecessor, and precedent indicate that "an LLC is neither an 'individual' nor a 'corporation' within the meaning of § 38.001 "); *Solid Sys. CAD Servs. v. Total Risc Tech., Ltd*, 2016 WL 5942935, at *3 (S.D. Tex. 2016) (concluding that section 38.001 does not allow for recovering attorney's fees from an LLC).  This Court agrees.  Accordingly the Court dismisses Tavakkoli's claim for attorney's fees for his remaining breach of contract claim against Helwig & Son.

## CONCLUSION

For the forgoing reasons, the Court grants the Defendants' motion to dismiss in part and denies in part.  The Court dismisses Tavakkoli's Title VII and breach of contract claims against J.S. Helwig.  The Court dismisses Tavakkoli's age discrimination claim against both Defendants.  The Court denies the motion to dismiss as to Tavakkoli's Title VII claims against Helwig & Son.  The Court dismisses Tavakkoli's quantum meruit claim against both Defendants.  Thus Tavakkoli's Title VII claims and breach of contract claim against Helwig

& Son are the only remaining claims. Because the dismissed claims fail as a matter of law, the Court denies leave to amend.

    Signed February 16, 2017.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 15